Dear Representative Katz:
You ask "can a segment of a parish, for instance, a ward zone itself?" In response to your question, our research reflects that this action is not authorized by law.
Police juries are creatures and subordinate political subdivisions of the state, possessing only those powers conferred upon them by the State's constitution and statutes, unless the parish has adopted a home rule charter or has been empowered with the right to exercise any power not denied by its charter or by state law. Rollins Environmental Servicesof Louisiana, Inc. v. Iberville Parish Police Jury, 371 So.2d 1127 (La. 1979) A police jury's constitutional authority to enact land use and zoning ordinances stems from LSA-Const. Art. 6, § 17 (1974), providing:
§ 17. Land Use; Zoning; Historic Preservation
 Section 17. Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained.
Parishes are only given the power to zone or regulate land use if the legislature establishes uniform procedures for the exercise of such power. American Waste and Pollution Control Co. vs. St. Martin ParishPolice Jury, 609 So.2d 201 (La. 1992), at page 203. The legislature has granted certain land use authority to Ouachita Parish via R.S.33:1236.[1] However, since police juries possess only those powers delegated to them by the State Constitution and statutes, police juries cannot delegate those duties without specific legislative directive. SeeState vs. Haltom, 462 So.2d 662 (La. 1984); see also attached Attorney General Opinion 90-11.
Finally, note that the legislature requires the Ouachita Parish Police Jury to submit proposed building and zoning regulations for approval to the electors of the unincorporated areas of Ouachita Parish. R.S.33:1236(36)(f)(ii) provides:
 (ii) Prior to the adoption of any building and zoning regulation by the governing authority of the parish of Ouachita, a proposition authorizing the imposition of the building and zoning regulations in unincorporated areas of Ouachita Parish shall be submitted to and approved by the electors of the unincorporated areas of Ouachita Parish.
Without further legislative directive, the police jury alone possesses zoning power as authorized by statute.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: October 31, 2002
[1] Certain statutory authority regarding land use pertaining specifically to Ouachita Parish is found in R.S. 33:1236(36) and (38):
 (36)(a) To regulate the height, area, number of stories, and fire safety requirements of buildings and structures, the percentage of the lot that may be occupied, the size of the yards, courts and other open spaces, the set back, the density of population and the location and use of the buildings, structures and land for trade, industry, residence or other purposes.
 (b) To adopt the Southern Building Code, the Southern Standard Gas Code, the Southern Standard Housing Code, the National Electrical Code or other standard codes by ordinance of the police jury without the necessity of publishing the text of the code. The code shall be identified as to date of current issue and exact title in the ordinance and signed by the president and secretary of the police jury.
 (c) To require the formation of an appeal procedure and require permits for the construction, alteration and repair of buildings, structures, equipment and appurtenances, which permits shall be granted according to uniform rules and shall never be refused when the application setting forth the character of the building to be constructed or the nature of the repairs conforms to the requirements of the ordinances passed in pursuance of building regulations and building, electrical and other codes legally adopted under R.S. 33:1236(36). All applications shall be passed upon by the police jury or committee, board, agency or commission designated by it, within ten days of filing.
 (d) The provisions of Subparagraphs (a), (b) and (c) of R.S. 33:1236(36) shall not be so construed as to abrogate, impair or supersede existing codes, regulations, ordinances or permits of any municipality or city-parish governing authority, nor to supersede or impair the existing authority of any such municipality or city-parish governing authority to adopt such codes, regulations, ordinances or permits. Provided, however, that the powers authorized in Subparagraphs (a), (b) and (c) of R.S. 33:1236(36) shall not be exercised by the police jury until a public hearing has been held in the parish to be effected, notice of the hearing to be published in the official parish journal at least ten days prior to the date of the hearing.
 (e) Any other provision to the contrary notwithstanding, no ordinance or regulation of a parish adopted under the authority of R.S. 33:1236(36) shall apply to or have any effect upon manufacturing establishments or upon the land occupied or owned by manufacturing establishments on the effective date of any such ordinance or regulation, where the plans and specifications for additions, alterations, or new construction have been prepared by a graduate engineer or architect.
 (f)(i) Nothing herein contained shall be construed as limiting any authority now vested in police juries. The provisions of R.S. 33:1236(36) shall apply only to the parishes of Iberville, Pointe Coupee, West Baton Rouge, Lafayette, West Feliciana, Allen, Evangeline, Avoyelles, Caddo, Calcasieu, and Ouachita.
 (ii) Prior to the adoption of any building and zoning regulation by the governing authority of the parish of Ouachita, a proposition authorizing the imposition of the building and zoning regulations in unincorporated areas of Ouachita Parish shall be submitted to and approved by the electors of the unincorporated areas of Ouachita Parish.
 (38)(a) To pass zoning ordinances, subdivision regulations, building codes, health regulations and other applications and extensions of the normal police power, to provide standards and effective enforcement provisions for the prudent use and occupancy of flood-prone and mud-slide areas.
 (b) The provisions of Subparagraph (a) of this paragraph shall apply only insofar as is necessary for a parish to use such powers and authority to qualify for the National Flood Insurance Act of 1968, as amended, 42 U.S.C. § 4001 to 4127 as enforced under Parts 1901 to 1915.3 of Subchapter B of Title 24 of the Code of Federal Regulations.
 (c) The provisions of Subparagraphs (a) and (b) of this paragraph shall not be so construed as to abrogate, impair or supersede existing codes, regulations, ordinances or permits of any municipality or city-parish governing authority, nor to supersede or impair the existing authority of any such municipality or city-parish governing authority to adopt such codes, regulations, ordinances or permits. Provided, however, that the powers authorized in Subparagraphs (a) and (b) of this paragraph shall not be exercised by the police jury until a public hearing has been held in the parish to be affected, notice of the hearing to be published in the official parish journal at least ten days prior to the date of the hearing.
 (d) Any zoning ordinances, subdivision regulations, building codes, health regulations and other applications and extensions of the normal police power used by any parish prior to the adoption of this legislation in order to qualify for national flood insurance shall be validated and ratified by the passage of this subsection.